IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARBARA ANN ARCHIE                                                                                    PLAINTIFF

VS.                                                               CIVIL ACTION NO.: 3:17-CV-366-DPJ-FKB

JEREMY GREER and the
CITY OF PELAHATCHIE                                                                                 DEFENDANTS

**ORDER STAYING CASE**

Before the Court is Defendants' Motion to Stay Proceedings [5]. For the reasons described below, the Court finds that the motion should be granted and the case stayed pending the outcome of Plaintiff's ongoing criminal proceedings.

Plaintiff, Barbara Ann Archie, filed this action pursuant to 42 U.S.C. § 1983.[1] She alleges that Jeremy Greer, an officer of the City of Pelahatchie Police Department, unconstitutionally placed her under arrest on February 26, 2017. [1] at 2-3. Archie alleges that the arrest occurred after Officer Greer issued her a traffic citation for failing to properly use a turn signal. *Id.* She alleges that Officer Greer arrested her without probable cause. *Id.* at 3. While the City of Pelahatchie and Officer Greer have not yet answered Plaintiff's Complaint, they argue as part of the instant motion that Plaintiff's arrest arose from the same facts and circumstances as Plaintiff's traffic citation. [9] at 1[2]; *see also*, [1] at ¶ 3 (alleging, "Greer purported to arrest Plaintiff solely for failing to use a turn signal. . . ."). Plaintiff's trial on the charge of failing to properly use her turn signal is scheduled for August 30, 2017 before the Municipal Court of Pelahatchie, Mississippi. [7] at Exh. A. Defendants now move to stay the case pending the resolution of Plaintiff's trial. [5].

---

[1] Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. § 2201, and recovery of damages under Mississippi state law. [1] at 1.
[2] The Court granted Defendants an extension on filing an answer until after the Court's ruling on this motion. *See* Text-Only Order of July 14, 2017.

The *Heck* Doctrine[3] supports Defendants' request for a stay. Addressing *Heck*, the Supreme Court has found:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)(internal citations omitted). Here, Plaintiff's claims and her arrest for failing to use her turn signal appear to be heavily intertwined. If her criminal case results in a conviction, it may show her arrest to have been justified and legal, and *Heck* may bar some or all of her claims in the present suit. If the criminal case does not result in a conviction, it may at the very least help shed some light on the relationship between the criminal charge and her arrest. *See Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir. 1994). Either possible outcome weighs in favor of a stay.

The Court orders the case stayed until such time as Plaintiff's related criminal prosecution concludes. The Court anticipates that this will be a short stay, as that trial is scheduled to take place by the end of August 2017. The parties are to inform the Court within fourteen days of the conclusion of the criminal proceedings against Plaintiff, at which time the Court will lift the stay. Defendants will have fourteen days from the date the stay is lifted to file their Answer or other responsive pleadings.

IT IS SO ORDERED, this the 23rd day of August, 2017.

        /s/ F. Keith Ball
        UNITED STATES MAGISTRATE JUDGE

---

[3] *Heck v. Humphrey*, 512 U.S., at 477 (1994).