IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BARBARA ANN ARCHIE**                                           **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.: 3:17-CV-00366-DPJ-FKB**

**JEREMY GREER AND THE CITY**
**OF PELAHATCHIE**                                                            **DEFENDANTS**

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

After Plaintiff Barbara Archie was arrested and charged with a misdemeanor traffic offense, she pled no contest and paid a $191.00 fine. Archie now seeks to undermine those criminal proceedings through this civil litigation. Because her strategy is impermissible under federal and state collateral-attack principles, this lawsuit should be dismissed.

## BACKGROUND

Archie filed suit against Defendants the City of Pelahatchie, Mississippi and Police Officer Jeremy Greer in May 2017. Docket No. 1. The Defendants jointly answered, Docket No. 13, and Archie filed an amended complaint in October 2017.[1] Docket No. 15. A timely answer to the amended complaint has now been filed on behalf of the Defendants. Docket No. 17.

The operative complaint's pertinent allegations can be simply stated: In February 2016, Officer Greer stopped Archie for failure to signal while turning off U.S. Highway 80. Docket No. 15 at p.2. He initially ticketed Archie for the offense but is alleged to have placed her under

---

[1] Technically, Archie's amended complaint was untimely. *Compare* Docket No. 15 *with* Fed. R. Civ. P. 15(a)(1)(B). Rule 15 would have authorized an amended complaint without leave by September 28, 2017, i.e. within 21 days of the defendants' September 7, 2017 answer, but Archie did not file the amended complaint until October 2, 2017. Nonetheless, because the amended complaint is subject to dismissal as a matter of law, the Defendants do not object to Archie's untimely amendment. (Archie's counsel contacted undersigned counsel before filing the amended complaint, and undersigned counsel stated that there was no objection to Archie's contemplated amendment.)

arrest "[w]hen she "questioned why [he] would take her to jail for not using her turn signal[.]" *Id*. at p.3. According to Archie, the arrest was effectuated "without probable cause[.]" Docket No. 15 at p.2.

In August 2017, Archie pled no contest in Pelahatchie Municipal Court. *See* Criminal Proceeding Documents, Ex. A.[2] She was assessed, and paid, a $191.00 fine. *Id*. To date, Archie's plea has not been appealed or vacated.

## STANDARD OF REVIEW

Motions for judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c).

> The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'

*Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (cleaned up).

## ARGUMENT & AUTHORITIES

Archie does not state a cognizable claim under federal or state law, making judgment on the pleadings appropriate. Each claim is based on the alleged unlawfulness of her arrest for failure to use a turn signal, which, under Mississippi law, is an arrestable misdemeanor offense. *See* Miss. Code §§ 63-3-201, 63-3-207. Due to her conviction of that offense, Archie's claims fail as a matter of law.

---

[2] Exhibit A does not require this Court to convert the motion to dismiss into one for summary judgment. Archie's criminal proceedings are referenced in her complaint and are central to her claims. *See, e.g., Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (permitting consideration of external documents because they "merely assist[ed] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim ha[d] been stated"). It is settled that "[t]aking judicial notice of a party's prior conviction does not require the court to convert a motion to dismiss into a motion for summary judgment." *See, e.g, Jacobson v. Pfizer Inc.*, 2014 WL 11443909, *2 (S.D. Fla. 2014) (collecting cases).

## I. The federal claims are precluded under *Heck*.

Archie brings her Section 1983 claims against the City of Pelahatchie and Officer Greer. Docket No. 15 at pp.4-5. She alleges that she was arrested by Greer "without probable cause[,]" which she says "constituted an unreasonable seizure of [her] person[.] Docket No. 15 at p.4. Archie seeks to impose supervisory responsibility over Pelahatchie. Docket No. 15 at p.5.

The applicable legal standards that govern are settled. Actions against municipalities and official-capacity defendants are analyzed under a framework that requires a plaintiff to show both (1) that a violation of the Constitution or federal law occurred and (2) that a governmental policy or custom was the moving force behind the violation. *See, e.g., Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405 (1997). Alternatively, individual-capacity defendants enjoy the qualified-immunity defense, meaning that a plaintiff must show both (1) that a violation of the Constitution or federal law occurred and (2) that the individual-capacity defendants' actions were objectively unreasonable under clearly established law. *See, e.g., Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005).

Archie's claims are deficient in their totality because a favorable judgment would necessarily imply that her conviction for failure to signal is invalid. Section 1983 imposes civil liability on any person who, acting under the color of state law, causes the deprivation of another's constitutional rights. *See* 42 U.S.C. § 1983. But Section 1983 may not be used to challenge the validity of a conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Absent such favorable termination, a Section 1983 claim that implies the invalidity of a criminal conviction must be dismissed. *Id.* "Whether the conviction was obtained at trial, by a

guilty plea, or by a nolo plea is irrelevant to [*Heck*'s] inquiry; the court looks merely to whether an implicated conviction has been overturned." *See Hernandez v. Boles*, 1999 WL 500687, *1 (5th Cir. 1999) (applying *Heck* where the conviction resulted from a no contest plea). Put simply, "[f]or *Heck* purposes, the entry of a no-contest plea is considered a conviction on the offense pled." *See Wallace v. City of Slidell*, 2016 WL 1223065, *2 (E.D. La. 2016) (Engelhardt, D.J.).

An instructive case is *Joiner v. Smith*, 1995 WL 625465, *1 (5th Cir. 1995), which is factually similar to this case. After stopping his car in the street, the plaintiff was arrested and convicted of obstructing traffic and disorderly conduct. *Joiner,* 1995 WL 625465, at *1. The officer initiated the arrest when the plaintiff refused his request to stop eating a candy bar. *Id.* When the plaintiff later filed a Section 1983 case, he alleged that the arrest was unlawful because it involved a trivial offense. *Id.* at *3. That argument was rejected, with the court explaining that the plaintiff's criminal conviction was conclusive on the issue of whether there was probable cause to arrest. *Id.* (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) (similar holding)). The plaintiff's case was held to be barred under *Heck*, just as Archie's case is barred here.

It is dispositive that Archie pled no contest for failure to signal and paid a resulting fine. Allowing her to pursue unlawful arrest claims through Section 1983 necessarily would undermine the criminal proceedings. Unless and until the criminal conviction is overturned, *Heck* bars Archie's federal claims.[3]

## II. The state law claims also are barred by *Heck*.

Archie likewise brings her state law claims against both the City of Pelahatchie and Officer Greer. Docket No. 15 at pp.5-6. She alleges that Greer's actions caused her "emotional

---

[3] It is irrelevant that Archie's complaint requests declaratory and injunctive relief, in addition to monetary damages. *See, e.g., Reger v. Walker*, 312 Fed. App'x 624, 625 (5th Cir. 2009) (explaining that the claims, "whether for damages, declaratory judgment, or injunctive relief," were not cognizable in a § 1983 action because they implicated the validity of the conviction).

4

distress" and that Pelahatchie is responsible for Greer's actions under the Mississippi Tort Claims Act.[4]  Docket No. 15 at pp.5-6.  Like with the Section 1983 claims, the *Heck* doctrine bars Archie's state law claims.

Although the Mississippi Supreme Court has never had an opportunity to consider *Heck*'s application under state law, the Fifth Circuit has extended it to state law claims that "are premised on the same basis advanced in support of [a *Heck* barred] constitutional claim." *See Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000);[5] *see also Moreno v. Curry,* 2006 WL 3207984, *4 (N.D. Tex. 2006) (explaining that "[t]he *Heck* bar [ ] extends to . . . any state-law claims that are based on the same factual allegations" as a *Heck* barred Section 1983 claim).  District courts in both Louisiana and Texas consistently have applied *Heck* in the context of state law when asked to do so.  *See, e.g., Manos v. Hawk*, 2015 WL 1737257, *9 (N.D. Tex. 2015) ("*Heck*'s logic extends outside of constitutional claims and applies to any claim—including state-law claims—based on factual allegations that are necessarily inconsistent with the validity of a conviction that has been neither reversed, expunged, nor otherwise declared invalid."); *Elphage v. Gautreaux*, 969 F.Supp.2d 493 (M.D. La. 2013) ("As a successful ruling on [the plaintiff's] state law claims for false arrest and imprisonment would undermine her conviction for resisting an officer (La. R.S. § 14:108), her claims are barred by *Heck*.").

Outside of the Fifth Circuit, other courts throughout the country have extended *Heck* as well.  *See, e.g., Cabot v. Lewis*, 241 F.Supp.3d 239 (D. Mass. 2017) (applying *Heck* under Massachusetts law); *Lieberman v. Liberty Healthcare Corp.*, 408 Ill.App.3d 1102, 1112 (Ill.

---

[4] Archie's MTCA claim is confusing because the MTCA is not itself a claim for relief.  It is a comprehensive statutory scheme that provides plaintiffs with a vehicle to bring tort claims against governmental actors.  *See Lefoldt for Natchez Regional Medical Center Liquidation Trust v. Rentfro*, 853 F.3d 750, 752 (5th Cir. 2017).  The only state law claim referenced in the complaint is IIED.

[5] *See also Lavergne v. Martinez*, 2014 WL 897837, *5 n.2 (W.D. La. 2014) (acknowledging that "the Fifth Circuit has applied *Heck* to bar Louisiana state law claims"), *aff'd by*, 567 Fed. App's 267 (5th Cir. 2014).

2011) (applying *Heck* under Illinois law); *Hardin v. Pfizer, Inc.*, 2007 WL 2212674, *7 (D. S.C. 2007) (applying *Heck* under South Carolina law); *Susag v. City of Lake Forest*, 94 Cal.App.4th 1401, 1409 (Cal. Ct. App. 2002) (applying *Heck* under California law); *Greenberg v. Wolfberg*, 890 P.2d 895, 904 n.40, (Ok. 1994) (applying *Heck* under Oklahoma law).

The logic behind all of these cases is straightforward: Just as *Heck* promotes the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction" in the Section 1983 context, *see Heck*, 512 U.S. at 484, it similarly works to do so under state law. The concern of preventing a collateral attack on a criminal conviction through a civil suit is no less important under state law than it is under federal law. *Cf. Rolison v. Fryar*, 204 So.3d 725, 734 (Miss. 2016) (acknowledging that "[a] judgment . . . based upon an erroneous view of the law is not open to collateral attack," as it "can be corrected only by a direct review").

There can be confidence that, if given the opportunity, the Mississippi Supreme Court would extend the *Heck* doctrine like so many other courts have done. *See Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 317 (5th Cir. 2002) (explaining that, in diversity cases, federal courts are obligated to predict what the Mississippi Supreme Court would do). Take the recent decision in *Galle v. Isle of Capri Casinos, Inc.*, 180 S.3d 619 (Miss. 2015) as an example. Since at least 1921, Mississippi courts have applied the maxim of "'ex dolo malo non oritur actio,' which means that '[n]o Court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act.'" *See Price v. Purdue Pharma Co.*, 920 So.2d 479, 484 (Miss. 2006) (brackets in original; quoted case omitted); *see also Lowenburg v. Klein*, 87 So. 653, 654 (Miss. 1921). In *Galle*, the Mississippi Supreme Court was asked to apply the maxim in the employment context and hold that a plaintiff allegedly fired for reporting an illegal act could not bring a wrongful discharge claim if he or she was a participant in the

6

illegal act. *See* 180 So.3d at 622. The Supreme Court obliged, explaining that such a rule was consistent with its longstanding adherence to "ex dolo malo non oritur actio." *Id*. at 623 n.13. Here, like in *Galle*, precluding a plaintiff from bringing a tort action when the plaintiff has been convicted of an "illegal act" comports with Mississippi's longstanding tradition. *Compare* this case *with Galle*, So.3d at 622-23.

This Court should hold that Archie's state law claims are barred under *Heck*. All of the claims "are premised on the same basis advanced in support of [the *Heck* barred] constitutional claim[,]" i.e. Archie's arrest for failure to use a turn signal. *Compare* Docket No. 15 at pp.5-6 *with Hainze*, 207 F.3d at 799. There is no persuasive reason to draw a distinction between state and federal law in this context. *See Wallace*, 2016 WL 1223065 at *2 ("[B]ecause the arrestee-Plaintiffs' state law claims of false imprisonment are premised on the unlawfulness of those arrests, as well, they too are precluded.").

**III.  In the alternative, the state law claims are barred by the Mississippi Tort Claims Act.**

Aside from the *Heck* bar, Archie's state law claims are precluded by the police function exemption of the MTCA. The MTCA provides immunity to governmental actors on claims arising from the performance of police duties, "unless the employee acted in reckless disregard of the safety and well-being of any person *not engaged in criminal activity* at the time of injury" Miss. Code § 11-46-9(1)(c) (emphasis added). A causal nexus exists between the criminal activity and alleged injury when "the officer has probable cause to arrest and proceeds to do so." *See, e.g., Bridges v. Pearl River Valley Water Supply Dist.*, 793 So. 2d 584, 588 (Miss. 2001) (applying the exemption where the plaintiff was arrested for minor misdemeanors).

Officer Greer arrested Archie after observing her fail to use a turn signal. Her subsequent conviction conclusively establishes that she was engaged in criminal activity. The state law

claims are barred under the MTCA's police function exemption, even if Archie could survive *Heck*.

## CONCLUSION

Archie's lawsuit should be dismissed. All of her claims—federal and state—are premised on the contention that Greer's arrest was unlawful. To succeed on that contention in this civil lawsuit would necessarily undermine the related criminal proceedings that deemed Greer's arrest to be lawful. *Heck* and the MTCA's police function exemption control.

Dated: October 6, 2017.

Respectfully submitted,

PHELPS DUNBAR LLP


BY: *Nikita McMillian*
Gary E. Friedman, MS Bar No.: 5532
G. Todd Butler, MS Bar No.: 102907
Nikita McMillian, MS Bar No.: 105312
4270 I-55 North
Jackson, Mississippi 39211-6391
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: 601-352-2300
Telecopier: 601-360-9777
Email: butlert@phelps.com
friedmag@phelps.com
mcmillin@phelps.com
**ATTORNEYS FOR DEFENDANTS JEREMY GREER AND THE CITY OF PELAHATCHIE**

8

PD.22402944.1

# CERTIFICATE OF SERVICE

I, Nikita McMillian, certify that I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to the following counsel of record:

James M. Priest, Jr.
GILL, LADNER, & PRIEST, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com

***ATTORNEY FOR PLAINTIFF***

*/s/ Nikita McMillian*
Nikita McMillian