IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BARBARA ANN ARCHIE**                                                                    **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 3:17-CV-00366-DPJ-FKB**

**JEREMY GREER AND THE CITY
OF PELAHATCHIE**                                                                          **DEFENDANT**

**DEFENDANTS' MOTION TO STAY DISCOVERY**

Defendants Jeremy Greer and the City of Pelahatchie, Mississippi move for a stay of all proceedings until a ruling is entered on the pending motion for judgment on the pleadings:

1.       Plaintiff Barbara Ann Archie filed this lawsuit on May 5, 2017.  *See* Docket No. 1.  Plaintiff amended her complaint on October 2, 2017.  Defendants jointly answered and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Docket Nos. 17 & 18.  Significantly, the motion for judgment on the pleadings is aimed at all of Archie's claims.

2.       It has long been recognized that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Indeed, it is hornbook law that "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." *See Stine v. Lappin*, 2008 WL 4216108 *1 (D. Colo. 2008) (brackets in original) (quoting 8 Charles Alan Wright et al., Federal Practice and Procedure § 2040, at 521-22 (2d ed. 1994).

3.       A stay of discovery is warranted in this case because the the pending dispositive motion, if granted, will terminate this litigation in full.  *See Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (explaining that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action"); *Chavous v. District of Columbia Fin.*

*Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'"). A stay also would prevent an unnecessary waste of time and money for the litigants in this matter, as well as preserve important judicial resources.

4. Courts within this jurisdiction regularly adhere to the just-discussed principles and grant motions to stay when motions are pending that would resolve all claims in an action. In one example, *Ramirez v. L-3 Communications*, 3:11-cv-297(R)(A), the defendant filed a motion under Rule 12(b)(6) seeking to dismiss the plaintiff's complaint and then subsequently requested a stay of discovery pending the resolution of that motion. The stay was granted until Judge Reeves could rule on the pending motion. *See Ramirez*, 3:11-cv-297(R)(A) at Doc. No. 32. Many other decisions from both the Southern and Northern District Courts of Mississippi are in accord. *See Willis v. Duro-Last, Inc.*, 3:12-cv-00705-HTW-LRA at Doc. No. 13 (granting motion to stay pending outcome of motion to dismiss); *Moore et al. v. True Temper Sports, Inc.*, 1:10-cv-178(B)(D) at Doc. No. 19 (accord).

5. A stay is especially appropriate in this case because the pending dispositive motion implicates the defense of qualified immunity. Under Local Rule 16(b)(3)(B), the "[f]iling [of] a . . . motion asserting an immunity defense . . . stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."

6. Archie opposes this requested stay.

7. Given the nature of this request, the defendants request that any requirement of a separate memorandum in support be waived.

For these reasons, Defendants respectfully request a stay of discovery until the pending dispositive motion is ruled upon.

THIS the 6th day of October, 2017.

>Respectfully submitted,
>
>PHELPS DUNBAR LLP
>
>
>BY: */s/ Nikita McMillian*
>    Gary E. Friedman, MB #5532
>    Gregory Todd Butler, MS Bar No.: 102907
>    Nikita McMillian, MS Bar No.: 105312
>    4270 I-55 North
>    Jackson, Mississippi 39211-6391
>    Post Office Box 16114
>    Jackson, Mississippi 39236-6114
>    Telephone: 601-352-2300
>    Telecopier: 601-360-9777
>    Email: friedmag@phelps.com
>           butlert@phelps.com
>           nikita.mcmillian@phelps.com
>ATTORNEYS FOR DEFENDANT JEREMY GREER AND THE CITY OF PELAHATCHIE

## **CERTIFICATE OF SERVICE**

I, Nikita McMillian, certify that a copy of the above and foregoing has been electronically filed with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all counsel of record.

James M. Priest, Jr.
GILL, LADNER, & PRIEST, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
jamie@glplawfirm.com

***ATTORNEY FOR PLAINTIFF***

SO CERTIFIED, this the 6th day of October, 2017.

*/s/ Nikita McMillian*
Nikita McMillian