UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BARBARA ANN ARCHIE                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:17-CV-366-DPJ-FKB

JEREMY GREER AND THE CITY                                                               DEFENDANTS
OF PELAHATCHIE

ORDER

Defendants Jeremy Greer and the City of Pelahatchie seek judgment on the pleadings in this wrongful-arrest case. Because it is possible that Plaintiff can succeed on her claim that Defendants violated her constitutional rights without undermining the validity of her conviction, and Defendants have not established that the Mississippi Tort Claims Act's police-function exception bars Plaintiff's state-law claims, Defendants' Motion for Judgment on the Pleadings [18] is denied without prejudice.

I.   Facts and Procedural History

In the early-morning hours of February 26, 2017, Plaintiff Barbara Ann Archie was returning to her home in Pelahatchie, Mississippi, following an out-of-town trip. She pulled into her driveway and stepped out of her car as Defendant Jeremy Greer, a City of Pelahatchie police officer, pulled his vehicle into the driveway behind her and ordered her to get back into her car. Greer approached Archie's vehicle and told her he had stopped her for failure to signal a left turn off U.S. Highway 80 roughly a half mile from Archie's home.

According to Archie, Greer issued her a citation and told her she could get out of her vehicle. Archie took the ticket, put it in her purse, got out of her car, and began walking to her home's front door. "Greer followed her and, for reasons that are unclear, threatened to take Plaintiff to jail for having an 'attitude[.]' When she questioned why Greer would take her to jail

for not using her turn signal, Greer placed Plaintiff under arrest." Am. Compl. [15] ¶ 13. "Greer put Plaintiff in handcuffs and put her in his vehicle, slamming the door on her leg. Greer then drove her to the Pelahatchie Police Department[,] shoved Plaintiff down on a bench[, and] took Plaintiff to the Rankin County Detention Center in Brandon, Mississippi." *Id.* ¶ 15. Archie remained in jail until midday on February 26, 2017. The sole charge leveled against her arising from the events of February 26, 2017, was for failing to use a turn signal. In August 2017, Archie entered a no-contest plea to that charge and was assessed a $191.00 fine.

Archie filed this lawsuit against Greer and the City of Pelahatchie on May 15, 2017. In the Amended Complaint, she asserts § 1983 claims against Greer and the City, state-law tort claims under the Mississippi Tort Claims Act against the City, and an intentional-infliction-of-emotional-distress claim against Greer. Defendants answered [17] and moved for judgment on the pleadings [18]. The issues raised in Defendants' motion have been briefed by all parties, and the Court is prepared to rule.

II.     Standard

"The standard for deciding a Rule 12(c) motion [for judgment on the pleadings] is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a

Rule 12(c) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

Ordinarily, a Court should confine itself to the face of the pleadings in ruling on a motion under Rule 12(c). *See C.H., II ex rel. L.H. v. Rankin Cty. Sch. Dist.*, 415 F. App'x 541, 545 (5th Cir. 2011). But the Court may also consider and take judicial notice of matters of public record, such as documents filed in state court. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012). If other "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, Defendants have submitted state-court records, of which the Court properly takes judicial notice. And Archie has submitted an affidavit in which she attempts to flesh out her factual allegations. Under Rule 12(d), the Court declines to consider Archie's affidavit.

III.     Analysis

Defendants say that Archie's § 1983 and state-law claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that her state-law claims are also barred by the Mississippi Tort Claims Act's ("MTCA") police-function exemption. The Court will address each argument in turn.

   A.     *Heck v. Humphrey*

In *Heck*, "the Supreme Court held that 'in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that

3

the conviction or sentence has been reversed'" or otherwise set aside. *Walter v. Horseshoe Entm't*, 483 F. App'x 884, 886–87 (5th Cir. 2012) (quoting *Heck*, 512 U.S. at 486–87). So "[i]f success for the plaintiff in his section 1983 suit would challenge the constitutionality of his conviction and the plaintiff cannot show that the conviction has been reversed, expunged, invalidated, or called into question by the issuance of a habeas writ," dismissal under *Heck* is appropriate. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). But if the plaintiff's success on his § 1983 claim "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* (quoting *Heck*, 512 U.S. at 487). And the mere presence of a valid conviction does not "necessarily preclude[] a § 1983 plaintiff from challenging the legality of his arrest." *Brown v. Sudduth*, 255 F. App'x 803, 806 (5th Cir. 2007). In other words, "a valid conviction may follow an illegal arrest, [so that] a successful § 1983 unlawful arrest action does not necessarily imply the invalidity of an underlying conviction." *Id.*; *see Ray v. Pennington*, No. 3:08-CV-175-JCS, 2008 WL 4829878, at *1 (S.D. Miss. Nov. 4, 2008) ("A claim arising out of an unlawful detention is not barred by *Heck* merely because that detention was part of a criminal process that culminated in a valid conviction.").

Defendants contend that *Heck* bars all Archie's claims, arguing that her conviction for failure to signal establishes probable cause for her arrest, and a favorable decision on her claims here would imply the invalidity of her conviction. In particular, Defendants note that Archie's § 1983 claims are based on her allegations that Greer arrested her "without probable cause" and his conduct "constituted an unreasonable seizure of [her] person." Am. Compl. [15] ¶¶ 23, 25. As to her state-law claims, Defendants say they "are premised on the same basis advanced in

4

support of the *Heck* barred constitutional claim, i.e.[,] Archie's arrest for failure to use a turn signal." Defs.' Mem. [19] at 7 (internal quotation marks and alteration omitted).

To the extent Archie's § 1983 claims are premised on the theory that Greer lacked probable cause to arrest her based on the failure to use her turn signal, the claims are plainly *Heck*-barred.[1] But Archie says that *Heck* is not in play because her "arrest had nothing to do with failing to use a turn signal, a matter which was already resolved when [she] accepted the ticket." Pl.'s Mem. [26] at 1. More specifically, she says the lawful traffic stop expired when Greer issued her citation, and his decision to arrest her thereafter violated her Fourth Amendment rights under *Rodriguez v. United States*, 135 S. Ct. 1609 (2015).

In *Rodriguez*, the Supreme Court made clear "that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 135 S. Ct. at 1612. The Court further explained that "[a] seizure justified only by a police-observed traffic violation . . . become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a ticket for the violation." *Id.* (internal quotation marks and citation omitted). And "when the purpose of the stop is resolved, 'the detention must end unless there is additional reasonable suspicion supported by articulable facts.'" *United States v. Alfaro*, 638 F. App'x 374, 375 (5th Cir.), *cert. denied*, 136 S. Ct. 2530 (2016) (quoting *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003)).

---

[1] There is no dispute that Greer was authorized to arrest Archie for commission of a misdemeanor traffic offense committed in his presence. *See Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Butler v. State*, 212 So. 2d 573, 576 (Miss. 1968); Miss. Code Ann. § 99-3-7; Miss. Code Ann. §§ 63-3-201, 63-3-707.

5

Whether Archie's *Rodriquez* theory is valid is not before the Court. But it suggests that the purpose of the traffic stop was resolved when Greer issued the ticket, so any additional detention without new probable cause violated Archie's Fourth Amendment rights. So framed, the Court cannot say that the claim would call into question the validity of her conviction on the failure-to-signal charge. *See Brown*, 225 F. App'x at 806 ("[B]ecause a valid conviction may follow an illegal arrest, a successful § 1983 unlawful arrest action does not necessarily imply the invalidity of an underlying conviction."). Defendants may raise their arguments at a later point should discovery produce evidence supporting *Heck*'s application to Archie's claims. For now, the § 1983 claims based on *Rodriguez* survive Defendants' motion.

B. MTCA

Turning to the state-law claims, Defendants acknowledge that "the Mississippi Supreme Court has never had an opportunity to consider *Heck*'s application under state law," but ask the Court to make an *Erie* guess that "the Mississippi Supreme Court would extend the *Heck* doctrine." Defs.' Mem. [19] at 5, 6; *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Alternatively, they argue that the police-function exemption of the MTCA bars the state-law claims.

Even assuming the Mississippi Supreme Court would extend *Heck* to state-law claims, the Court concludes that Archie's state-law claims survive *Heck* at this stage for the same reasons the § 1983 claims survive. So the Court turns to the MTCA argument. "While the MTCA represents a waiver of immunity for certain tort claims, [it also] provide[s] exceptions to the MTCA 'waiver of immunity.'" *McGregory v. City of Jackson, Miss.*, 504 F. Supp. 2d 143, 146 (S.D. Miss. 2007). The police-function exemption provides,

> a governmental entity and its employees acting in the course and scope of
> employment or duties shall not be liable for any claim . . . [a]rising out of any act

6

or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities in relation to police or fire protection unless the employee acted in reckless disregard of the safety and well being of any person not engaged in criminal activity at the time of injury.

Miss. Code Ann. § 11-46-9(1)(c). Defendants say Archie was "engaged in criminal activity"—namely, the misdemeanor traffic violation—"at the time of injury" such that they cannot be liable under the MTCA.[2]

"[I]n order for the fact that a victim is then engaged in criminal activity to bar recovery it must be shown that the criminal activity has some causal nexus to the wrongdoing of the tortfeasor." *City of Jackson v. Perry*, 764 So. 2d 373, 378–79 (Miss. 2000). As explained above, the entire premise of Archie's claims is that there was *no* causal nexus between her traffic violation and her arrest; the traffic violation "had been disposed of when she accepted the ticket," and Greer's subsequent actions violated her constitutional rights. Pl.'s Mem. [26] at 6; *see also* Am. Compl. [15] ¶ 13 (pleading that "for reasons that are unclear, [Greer] threatened to take Plaintiff to jail for having an 'attitude'"). The Amended Complaint must be viewed in the light most favorable to the non-movant. So, at this point, the Court cannot say that Archie's claims are barred by the MTCA's police-function exemption. Defendants may raise this argument again at a subsequent point in the litigation.

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings [18] is denied, and their Motion to Stay Discovery [20] is considered moot. The parties are instructed to contact United States Magistrate Judge F. Keith Ball within 10 days of the entry of this Order to set the case for a case-management conference.

---

[2] Defendants do not address the "reckless disregard" portion of the exception.

7

**SO ORDERED AND ADJUDGED** this the 21st day of December, 2017.

                                                s/ *Daniel P. Jordan III*
                                                CHIEF UNITED STATES DISTRICT JUDGE